JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-05874-RGK (JEMx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Sara Wright v. Menzies Aviation, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 8)

**I.     INTRODUCTION & FACTUAL BACKGROUND**

On July 15, 2010, Sara Wright ("Plaintiff") filed a class action in Los Angeles Superior Court against Defendants Menzies Aviation, Inc., Menzies Aviation Group (USA), Inc., and Aeroground, Inc.[1] (collectively, "Defendants"). The Complaint alleged wage and hour violations under the California Labor Code.

The procedural history culminating in the present Motion to Remand takes a tortuous path, but each step is significant for purposes of the Court's Order.

Defendants are global aviation support companies that provide aviation-related services around the world, including at Los Angeles International Airport ("LAX"). Plaintiff was employed by Defendants as a cabin cleaner and cabin cleaner supervisor at LAX. In the Complaint, Plaintiff alleged eleven causes of action premised on three purportedly improper employment practices. First, Plaintiff claimed that Defendants required their employees to ride the LAX Shuttle to their respective work posts but failed to compensate them for the time spent commuting to and from their work locations ("Park-and-Ride Claims"). Second, Plaintiff alleged that Defendants instituted an alternative workweek in which employees worked four ten-hour shifts but did not receive overtime pay for time worked in excess of eight hours ("Alternative Workweek Claims"). Third, Plaintiff asserted that Defendants failed to provide employees with accurate itemized wage statements ("Wage Statement Claims").

On September 23, 2010, Defendants removed the case to federal district court on the basis of diversity jurisdiction. Although Plaintiff had brought a class action in state court, Defendants did not

---

[1] Aeroground, Inc. was added as a Defendant two years into the litigation, on March 28, 2012.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-05874-RGK (JEMx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Sara Wright v. Menzies Aviation, Inc. et al.* | | |

invoke CAFA jurisdiction in their notice of removal; instead, they relied on traditional diversity jurisdiction. The district court remanded the case because Defendants failed to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.

On February 23, 2012, the parties stipulated to the filing of a First Amended Complaint ("FAC"). The FAC reduced Plaintiff's claims from eleven to five by consolidating certain claims while leaving the substantive allegations intact. The amendments did, however, effectuate two notable substantive changes. First, Plaintiff dropped her "Alternative Workweek Claims." Second, Plaintiff added a claim alleging that Defendants improperly rounded employees' hours when calculating wages in a manner that was favorable to Defendants and that harmed their employees ("Rounding Claims").

On June 20, 2012, Plaintiff moved to certify four classes. The "Rounding Class" alleged claims on behalf of all employees whose hours were rounded in a manner more favorable to Defendants. The "Wage Statement Class" asserted claims for all employees who did not receive proper itemized wage statements. The "Park-and-Ride Class" claimed unpaid wages for employees working at LAX terminals who did not receive compensation for mandatory commute time. Finally, the "Overtime Class" consisted of all employees who worked shifts exceeding eight hours consecutively that straddled two days (i.e. the shift extended for several hours past midnight); Plaintiff claims that instead of calculating overtime based on total hours worked, Defendants considered each day as a separate shift, thereby avoiding overtime pay.

On July 19, 2012, the state court refused to certify three out of Plaintiff's four proposed classes: "Rounding Class," "Wage Statement Class," and "Park-and-Ride Class." The only class certified by the state court was the "Overtime Class." Plaintiff appealed the denial of certification as to the rejected classes, and the case was stayed pending appeal between October 2012 and March 2014. Ultimately, the state appellate court affirmed the trial court's decision. Thus, the only class to survive and proceed forward was the "Overtime Class."

On July 14, 2015, the state court issued an Order Clarifying Class Definition. In this order, the state court allowed Plaintiff to clarify that overtime periods would be calculated as any time worked "in excess of eight hours, in excess of 12 hours, in excess of 40 hours a week, and for a full seventh day." Importantly, the state court emphasized that "Plaintiff is not seeking to introduce new theories, but rather more overtime where it was not properly based on different standards of measure . . . ." (Notice of Removal, Ex. C, p. 39.) In other words, the Order Clarifying Class Definition did not disturb the "Overtime Class." Instead, the court merely allowed Plaintiff to clarify the manner by which the core allegations of unpaid overtime would be calculated.

On August 4, 2015, Defendants removed the case to federal court based on CAFA jurisdiction. Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-05874-RGK (JEMx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Sara Wright v. Menzies Aviation, Inc. et al.* | | |

## II.  JUDICIAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex. rel Lockyer v. Dynegy, Inc.*, 375 F. 3d 831, 838 (9th Cir. 2004).

## III.  DISCUSSION

Plaintiff's Motion to Remand rests on two bases. First, Plaintiff maintains that Defendants' second attempt to remove the case is improper, as it violates the well-established ban against successive removals. Second, Plaintiff posits that, even if Defendants were entitled to a second removal, they failed to remove the case within the thirty-day statutory limit. Because the Court finds that Defendants' successive removal is improper, it need not reach the issue of whether Defendants also violated the thirty-day requirement.

### A.  Successive Removals

In general, a party may not file a successive notice of removal on the same grounds where the district court has previously remanded the action. *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). "A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). "Successive removals are therefore improper '[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) (quoting another source).

The Ninth Circuit has provided examples of a "relevant change of circumstances" sufficient to allow for a successive removal. For instance, a relevant change of circumstances exists where an amended pleading establishes a new basis for removal, which did not exist in the original complaint. *Reyes*, 781 F.3d at 1188 (citing *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974)). Moreover, an intervening change of law giving rise to a new basis for subject-matter jurisdiction qualifies as a "relevant change of circumstances." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

As discussed above, Defendants attempted to remove the case on September 23, 2010, relying on traditional diversity jurisdiction. The district court, however, remanded the case back to state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-05874-RGK (JEMx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Sara Wright v. Menzies Aviation, Inc. et al.* | | |

because Defendants failed to prove the amount-in-controversy by a preponderance of the evidence. Defendants moved again for removal, invoking CAFA jurisdiction, on August 4, 2015. Plaintiffs contend that this second removal attempt is improper, as Defendants have failed to demonstrate a "relevant change of circumstances" revealing a "new and different ground for removal." *Reyes*, 781 F.3d at 1188.

Defendants argue that the state court's Order Clarifying Class Definition, issued on July 14, 2015, introduced new theories into the case and expanded Plaintiff's class, thereby opening a new removal window based on CAFA jurisdiction. In support of their argument, Defendants chiefly rely on *Reyes v. Dollar Tree Stores*.

In *Reyes*, defendants removed the case to federal court invoking CAFA jurisdiction. *Id.* at 1186. The district court remanded the case because the putative class had been defined narrowly and the CAFA $5,000,000 amount-in-controversy requirement was not satisfied. *Id.* Subsequently, the state court expanded the class and certified a larger class than previously alleged in the complaint. *Id.* at 1187. Accordingly, defendants removed again, arguing that "the expanded class certified by the superior court placed at least $5,000,000 in controversy." *Id.* at 1188. The district court once again remanded, but the Ninth Circuit reversed and held that a successive removal was appropriate because "[t]he superior court's class certification order . . . altered the circumstances bearing on jurisdiction by expanding the amount in controversy." *Id.*

Defendants' reliance on *Reyes* is misplaced because unlike the state court's ruling that enlarged the class in *Reyes*, no such expansion occurred in the present case. In fact, a review of the state court record reveals a series of events gradually whittling down the claims and proposed classes until all that remained was the "Overtime Class." In the original complaint, Plaintiff alleged three theories of recovery: "Park-and-Ride Claims," "Wage Statement Claims," and "Alternative Workweek Claims." Subsequently, the FAC eliminated the "Alternative Workweek Claims" and added "Rounding Claims." Next, the Plaintiff sought certification of four classes: "Park-and-Ride Class," "Wage Statement Class," "Rounding Class," and "Overtime Class"—all classes predicated on the legal theories and claims alleged in the FAC. Thus, between the FAC and the Motion for Class Certification, Plaintiff did not allege new legal theories or claims.

The state court denied class certification for three of Plaintiff's four proposed classes, leaving only the "Overtime Class." The state court's decision constituted a further winnowing that reduced the class size even more drastically. The state appellate court upheld the lower court's class certification decision, allowing Plaintiff to proceed only with the "Overtime Class." Finally, the state court issued an Order Clarifying the Class Definition of the "Overtime Class," allowing Plaintiff to calculate violations based not only on "daily overtime wages" but also "weekly overtime wages" and "overtime wages earned during the seventh consecutive day of work in the work week." In allowing this clarification, the state court held, "Plaintiff is not seeking to introduce new theories, but rather more overtime where it was not properly based on different standards of measure . . . ." (Notice of Removal, Ex. C, p. 39.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-05874-RGK (JEMx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Sara Wright v. Menzies Aviation, Inc. et al.* | | |

    Overall, Defendants have not demonstrated a relevant change of circumstances to render the case a "substantially new case." *Leon*, 76 F. Supp. 3d at 1063. Plaintiff's theories of liability and central wage-and-hour claims have remained virtually unchanged between the FAC and the Order Clarifying Class Definition. Here, the state court's Order Clarifying Class Definition, unlike the state court's order in *Reyes*, merely had the effect of delineating the measure of unpaid overtime—it did nothing to substantively alter the core class or introduce new legal theories. In fact, the fluctuating class size in the present case ultimately resulted in a smaller class, undermining Defendants' reliance on *Reyes* where events in the litigation yielded a *larger* class size. For these reasons, the Court finds Defendants' argument that the Order Clarifying Class Definition effectuated a class-expansion to be unavailing. Such a contention completely contradicts the state court record indicating a gradual constriction in class size as well as the state court's explicit holding that the Order Clarifying Class Definition does not "introduce new legal theories."

    Accordingly, the Court finds that Defendants have not demonstrated any relevant change of circumstances revealing a new and different ground for removal.

**IV. CONCLUSION**

    In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                                                           Initials of Preparer